JOHN T. KNIGHT v. HOUSTON & TEXAS CENTRAL RAILWAY
COMPANY.

No. 872. Decided March 8, 1900.

**Railway—Fire—Burning Grass—Venue.**

An action for damage from fire, seeking to recover only the value of grass burned, is not one for damages to the land, and may be brought against a defendant railway company in a county through which its line extends, though the land lies in another county. (P. 418.)

QUESTIONS CERTIFIED from the Court of Civil Appeals for the First District, in an appeal from Fayette County.

*Sam C. Lowrey* and *Wolters & Lane,* for appellant.—Suits against a railroad corporation may be brought in any county through or into which the railroad of such corporation extends or is operated. Sayles' Rev. Stats., art. 1194, subdiv. 23; Railway v. Horne, 69 Texas, 643; 2 W. & W. Civ. Cases, sec. 701.

*W. T. Burns,* for appellee.—Plaintiff can not maintain an action against a railroad company in Fayette County, through which county its road is constructed and operated, having a local agent in said county, for damages to grass, turf, or land, resulting from fires set out by engines of said company, where the land is situated in Lee County. Rev. Stats. 1895, art. 1194, sec. 14; Armendiaz v. Stillman, 54 Texas, 623; Morris v. Railway, 78 Texas, 17; Railway v. Cullers, 81 Texas, 382; Railway v. Foster, 44 S. W. Rep., 198; Foster v. Railway, 45 S. W. Rep., 376; Cooley on Torts, 471.

We are aware of the holding by the Supreme Court in the case of Horne v. Railway, reported in 69 Texas, 643, and relied upon by appellant. In so far as this opinion relates to damages to the land it appears to be dicta, for the reason that this issue was not raised by the assignment of error. This feature, it seems, did not receive very full consideration, and the subsequent utterances of the Supreme Court in the cases above cited tacitly overrule this opinion.

The general rule in Texas, as fixed by the statute, is that the defendant may be sued in the county in which he has his domicile but not elsewhere, but sections 14 and 23 above cited are two of the several exceptions to this general rule. The evident intent of section 14 was to require all suits involving title or damage to land to be brought in the county where the land is situated, and the reason of the rule is apparent. The evident intent of section 23 of the above article is to enlarge on the general rule so far as railroad companies are concerned and permit them to be sued not only in the county where their principal office may be, but also in any county through which their road may run, or in which they may have an agency. This exception, as contained in section 23 of this article, can not be construed to in any way relate to or affect

suits involving title or damage to land, without conflicting with the expressed provisions of section 14 of the same article.

BROWN, ASSOCIATE JUSTICE.—The Court of Civil Appeals for the First Supreme Judicial District has certified to this court the following statement and questions:

"John T. Knight, a resident of Fayette County, brought suit in the County Court of said county against the Houston & Texas Central Railroad Company for the recovery of damages for the negligent burning of the grass growing upon 125 acres of land situated in Lee County and belonging to the plaintiff, which plaintiff averred was worth $4 an acre, to wit, $500. The defendant's railroad extended through Fayette County. A plea by the defendant to the venue of the suit was sustained by the court below and it was dismissed.

"The following questions are certified to the Supreme Court for its decision:

"1. Is the burning of the grass growing upon land by fire negligently set out by sparks escaping from a passing engine of a railroad company 'damages' to land within the meaning of section 14, article 1194, of the Revised Statutes? Does the question depend upon the measure of damages claimed in the petition as for the value of the grass instead of the injury to the soil?

"2. Can a railroad company be sued for damages to land in a county through which its railroad may extend when the land does not lie in the county in which the suit is brought?

"For a learned discussion of the much vexed question of when crops are a part of the realty, see the case of Bagley v. Columbus Southern Railway Company, 98 Georgia, 626 (25 Southeastern Reporter, 638). The second question is certified on account of the dictum in Railway v. Horne, 69 Texas, 643."

To the first question, we answer that, under the facts of this case, the burning of the grass did not constitute damages to the land, within the meaning of section 14, article 1194, Revised Statutes.

The language, "damages to land," has been construed by this court to mean "an injury to the possession, or to the freehold, or estate." Miller v. Rusk, 17 Texas, 170; Thompson v. Locke, 66 Texas, 383. The distinction between damages to land and the burning of grass upon the land is sharply made by Judge Stayton in the case of Fort Worth & New Orleans Railway Company v. Wallace, 74 Texas, 581. Plaintiff sued in that case to recover for the value of grass destroyed by fire and for injury done to the land by destruction of the grass roots and sod. The trial court charged that the plaintiff was entitled to recover the market value of the grass at the time of its destruction, and for the injury occasioned by the burning of the sod and roots of the grass, the difference between the market value of the land just before and just after the injury. This court sustained the charge, saying: "The turf or sod was a part of the land and an injury to it was an injury to the

land. * * * Such an injury is one in its nature permanent, though it may not be perpetual, and differs from an injury to a growing crop which does not result in any injury to the land as distinguished from the crop." If that land had been leased, the owner might have recovered for injury to the sod, but the tenant alone could have sued for the value of the grass destroyed. Reynolds v. Williams, 1 Texas, 311; G. C. & S. F. Ry. Co. v. Smith, (Texas Civ. App.), 23 S. W. Rep., 89. If the destruction of the grass and of the sod constituted damages to the land, the cause of action would have been single and must have been asserted by the owner alone.

The facts do not show an action for damages to land; the second question is abstract and can not be answered upon this certificate.