SCOTT, Commissioner of Insurance, et al. v. NOAKES et al.   (No. 7434.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 18, 1925. Rehearing Denied Dec. 9, 1925.)

1. Pleading ⊂⊃111—Plaintiff has burden of showing defendant not entitled to claim of privilege.

In controverting defendant's plea of privilege, under Rev. St. 1911, art. 1903, plaintiff has burden of affirmatively showing that defendant is not entitled to transfer claimed.

2. Venue ⊂⊃8—Fraud, defeating claim of privilege, not shown.

In action for determination of amount due on a contract alleging inducement by certain representations and promises, but failing to allege that representations were false when made, or were fraudulently made, or with present intention not to perform, and especially where no testimony to support any allegation of fraud was introduced, plea of privilege could not be controverted, under Rev. St. 1911, art. 1830, subd. 7, on grounds of fraud.

3. Venue ⊂⊃5(4)—Suit held not one to remove incumbrance on real estate defeating plea of privilege.

Allegations of petition for judicial ascertainment of amount due from plaintiff under contract with building and loan association that deed of trust, securing advances made by association, was a cloud on title, *held* not to make suit one to remove cloud, so as to defeat plea of privilege, under Rev. St. 1911, art. 1830, subd. 14.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Action by N. E. Noakes and others against John M. Scott, Commissioner of Insurance, and G. G. Wright, receiver of the United Home Builders. From an order overruling his plea of privilege, the defendant Wright appeals. Reversed and rendered.

John W. Pope and J. L. Zumwalt, both of Dallas, for appellant.

Boone & Savage, of Corpus Christi, for appellees.

SMITH, J. In this cause the appellees, plaintiffs below, admitted having executed and delivered to the United Home Builders a series of installment notes, and a deed of trust upon certain land in Nueces county to secure the payment of the notes. In consideration of the execution and delivery of these instruments the Home Builders agreed to loan appellees an amount approximating $2,500. Appellees also admit that the Home Builders (hereinafter called the company) advanced to them the sum of $1,622 upon the obligation to make the loan, but contend that they have paid certain installments and are entitled to certain credits on the notes amounting to $1,076, so that the difference between the amount received from the company and the amount paid to the company is $546, which they aver a willingness to pay when judgment thereon is rendered. But the company through its receiver, claims the balance due it upon the contract is larger than that asserted by appellees, and this dispute, as a practical matter, becomes the only question in the case made by the pleadings below.

The contract in question was made in September, 1921. Subsequently the company got into financial difficulties, and in January, 1923, appellant G. G. Wright was appointed and qualified as receiver of its affairs, under an order issued by the Sixty-eighth district court of Dallas county. Hearing of these difficulties, appellees suspended payments of installments upon their notes. In the meantime the securities here involved had been deposited as a part of the company's legal reserve with the state commissioner of insurance, as provided by law in related cases.

Appellees alleged that the receiver and the insurance commissioner were each contending that payments on the notes should be made to him, and appellees could not safely pay either until that controversy, as well as the extent of the amount due, was settled; that the notes and deed of trust provided for attorney's fees, and a foreclosure of the deed of trust lien in event of default in the payment of any installment provided for in the notes; that the holder was threatening to declare a default, enforce the penalty, and foreclose upon the land.

Appellees brought this suit against Wright, the receiver, and John M. Scott, acting commissioner of insurance, setting up the facts stated and praying for judicial ascertainment of the amount payable by them under the contract, which they averred a willingness to pay to the judicially ascertained holder. They also alleged the obvious fact that the notes and lien, and the record thereof, constituted a cloud upon their title to the land, and prayed that, upon ascertainment

by the court and payment by them of the amount for which they are liable under their contract, they be quieted in their title.

Appellees in their petition also alleged that they were induced to execute and deliver the notes and deed of trust by certain representations, promises, and agreements made in Nueces county by the Home Builders' agent, but they did not allege that the representations of fact were false at the time made, or that they were fraudulently made; nor did they allege that the promises and agreements were fraudulently made with a present intention not to perform. In other words, the allegations as to statements, promises, and agreements did not present a case of actionable fraud. Appellees also pleaded, in general terms and in the form of a conclusion of the pleader, that there was no consideration, and a failure of consideration, for the execution and delivery of the notes and deed of trust.

Before appearance day of the term to which the cause was returnable, Commissioner Scott filed an answer through the Attorney General, alleging that, in response to an order of the district court of Dallas county, he had theretofore delivered the securities in controversy to Receiver Wright. He also filed a disclaimer. Subsequently defendant Wright filed a plea of his privilege to be sued in Dallas county, in response to which the plaintiffs below filed a controverting affidavit. Upon a hearing the plea was overruled, and Wright, the receiver, has appealed.

It is conceded that the United Home Builders was domiciled in Dallas county, and that Receiver Wright resides in Dallas county, and Commissioner Scott in Travis county; in other words that none of the defendants below reside in Nueces county, where the suit was brought. The notes in question were in express terms made payable in Dallas county, while the land conveyed in the deed of trust is situated in Nueces county.

Venue of the suit is sought to be held in Nueces county upon the contentions: First, that this is a suit to remove incumbrance upon the title to real estate, and to remove cloud from such title, as contemplated in the exception to exclusive venue contained in subdivision 14 of article 1830, R. S. 1911; and, second, because the case presents one of fraud on the part of the Home Builders, as contemplated in the exception contained in subdivision 7 of article 1830. The latter article, so far as applicable, reads as follows:

Article 1830: "No person who is an inhabitant of this state shall be sued out of the county in which he has his domicile, except in the following cases, to wit: * * *

7. "In all cases of fraud, * * * in which cases suit may be instituted in the county in which the fraud was committed, * * * or where the defendant has his domicile. * * *

14. "Suits * * * to remove incumbrances upon the title to land, suits to quiet the title to land, * * * must be brought in the county in which the land, or a part thereof, may lie."

Upon the hearing the parties introduced the answer of Commissioner Scott, the declaration of trust under which the Home Builders operated, appellees' application to the company for a loan, the contract between the parties, the deed of trust and notes in controversy, and other documents not necessary to describe. The original pleadings were in evidence by reference. No testimony was introduced upon the issue of fraud; nor any oral testimony for any purpose.

[1] The statute (article 1903, R. S. 1911), with amendments, prescribes the form and sufficiency of pleas of privilege, and when a defendant files such plea embracing the requisites there prescribed, as was done here, it presents a prima facie case for change of venue. Unless a controverting affidavit is interposed, the party claiming the privilege is entitled to have the cause transferred as a matter of course. When a proper controverting affidavit is filed, it has the effect of joining issue upon the facts showing venue, as to which the plaintiff becomes the primary actor and assumes the burden of affirmatively showing that the defendant is not entitled to claim the privilege guaranteed him by law. He must not only allege facts clearly showing the case comes within one of the exceptions to the exclusive venue in the county of defendant's residence, but he must go further and establish those facts by evidence. Hilliard v. Wilson, 76 Tex. 180, 13 S. W. 25; Cloyd v. Sacra (Tex. Civ. App.) 175 S. W. 456; Masterson v. O'Fiel (Tex. Civ. App.) 219 S. W. 1117; Cannel Coal Co. v. Luna (Tex. Civ. App.) 144 S. W. 721.

[2] In this case the allegations are deemed insufficient to show actionable fraud, but, if they had been sufficient for that purpose, there was no testimony to support the allegation. There is nothing in the record, then, to bring the case within the seventh exception, based upon fraud.

[3] Nor was the case brought within the fourteenth exception, based upon suits to remove incumbrance upon title to real estate, or to remove cloud from title to real estate. The suit of plaintiff below was to secure certain credits upon an obligation conceded to be valid and binding, to adjudicate differences between the parties as to the amount of the balance owing upon an obligation concededly valid and enforceable. And while it is true that the plaintiffs below set up the existence of the lien upon their realty, alleged that it constituted a cloud upon their title, and prayed that the incumbrance be removed and their title quieted, after their liability was adjudicated and they had paid it off, the validity of that lien was not brought in question, but was conceded. The primary purpose of the suit was to determine the amount appellees owed appellant. The

removal of the incumbrance upon the title to appellees' real estate, and the quieting of that title, was an incident to the cause of action sued on, but was in no sense dependent upon its disposition, and the suit did not partake of the character of action contemplated in the fourteenth subdivision of article 1830.

The order overruling appellant's plea of privilege is reversed, and judgment is here rendered that the venue of this cause be changed from the district court of Nueces county to the district court of the Sixty-Eighth judicial district of Dallas county; and the clerk of the district court of Nueces county is hereby directed to make out a correct transcript of all the orders in this cause, certifying thereto officially under the seal of the court, and transmit the same, with the original papers in the cause, to the clerk of the district court of Dallas county.

Reversed and rendered.