#### FERNANDEZ et al. v. SHACKLETT et al.
#### (No. 7879.)

Court of Civil Appeals of Texas. San Antonio.
Dec. 5, 1927.

Rehearing Denied Dec. 23, 1927.

1. Usury ⬥108—Where contract was not usurious as alleged, venue could not be had under usury statute in county where interest payments were made and those making them resided (Rev. St. 1925, art. 5073).

Where contract was not usurious as alleged, venue could not be had under Rev. St. 1925, art. 5073, in county where the alleged usurious payments had been made and where those who had made them resided.

2. Venue ⬥5(4)—Suit based on claim that note secured by trust deed was usurious held not one to remove cloud within venue statute (Rev. St. 1925, art. 1995, subd. 14).

Suit, based on claim that note secured by trust deed was usurious and to partially offset amount of debt with amount to which plaintiffs claimed they were entitled because of the alleged usurious transaction, held not one to remove cloud on title within meaning of Rev. St. 1925, art. 1995, subd. 14, providing that suits to remove incumbrances must be brought in county where the land lies.

3. Executors and administrators ⬥436—Statute permitting suits against executors in county where estate is administered held inapplicable to suit by executors (Rev. St. 1925, art. 1995, subd. 6).

Rev. St. 1925, art. 1995, subd. 6, providing that a suit against executors to establish a demand against an estate may be brought in the county in which such estate is administered held inapplicable in suit by executors against others.

Appeal from District Court, Hidalgo County; J. E. Leslie, Judge.

Suit by Juan G. Fernandez and others against McClellan Shacklett and another,

wherein defendants filed a plea of privilege. From a judgment sustaining the plea of privilege, plaintiffs appeal. Affirmed.

Graham & Graham, of Brownsville, for appellants.

Joseph Ryan, of San Antonio, for appellees.

SMITH, J. This suit is based upon the same transaction out of which arose the controversies involved in cases Nos. 7874 and 7914, Silveria Chapa de Vela et al. v. Shacklett et al., 1 S. W. (2d) 670, and Id., 1 S. W. (2d) 670, respectively, this day decided by this court, to which reference is now made for additional·statements of the facts.

As appellants' original petition in the trial court covers 44 pages of the transcript, we forego a traverse of that instrument, but will content ourselves with the statement thereof as made in appellants' brief, which is deemed sufficient for the purposes of this opinion:

"The appellants, Juan G. Fernandez, J. J. Cavazos, and Raul Vela, as executors of the estate of Ramon Vela under his last will and testament and Silveria Chapa de Vela, widow of said Ramon Vela, filed this suit in the Ninety-Third district court of Hidalgo county, Tex., on the 4th day of March, 1927, against the appellees herein it being alleged by the appellants in their original petition that theretofore on specified dates the said Silveria Chapa de Vela and her husband, who was then living, executed two certain promissory notes to McClellan Shacklett, said notes being described in said petition, and that to secure said two notes the same persons executed to Joseph Ryan as trustee for said McClellan Shacklett two deeds of trust upon certain lands in Hidalgo county, Tex., said deeds of trust being also copied in said petition. It was alleged that the said Silveria Chapa de Vela was in no wise personally liable on said notes, she having been a married woman at the time same were executed, and same not having been executed for the benefit of her separate property or for any other purpose rendering her personally liable on said notes.

"It is then alleged that said notes provide upon their faces for an usurious rate of interest, and allegation being made of certain payments of interest that had been made by the said Ramon Vela during his lifetime, and certain payments of interest made by the executors after the death of said Ramon Vela, and that at the time of the said payments made by Vela he was a resident of Hidalgo county, Tex., and that at the time of the payments by the executors they were residents of Hidalgo and Cameron counties, Tex.

"That prior to January 17, 1927, said executors had through their attorneys offered an amount of money equal to the face of both of said notes, plus 10 per cent. interest on one of them for six months in full settlement of the said notes, upon delivery of proper releases from the deeds of trust, but which offer and tender was refused; plaintiffs making tender in said petition of the same sum.

"Prayer is then made for recovery as follows:

"1. For cancellation and holding for naught said two notes and deeds of trust, and the cloud upon the title to the property covered in said deeds of trust be thus removed.

"2. In favor of the executors of the Vela estate and for the benefit of said estate a moneyed judgment against said McClellan Shacklett for a sum of money equal to double the sums paid on said notes as interest, with 6 per cent. interest per annum on the respective sums so paid as interest from the respective dates of payment; and that such sum in favor of said executors be offset against the sum of money tendered by the appellants into court in payment of said notes, the remainder of such tender to be paid to McClellan Shacklett in settlement of the said matters involved in the suit.

"The executors, as hereinabove stated, are residents of Hidalgo and Cameron counties Tex., and Silveria Chapa de Vela of Hidalgo county, Tex.; the defendants are residents of Bexar county, Tex.; the notes involved are made payable in Bexar county, Tex.; the land covered by the deeds of trust is in Hidalgo county, Tex., and the estate of Ramon Vela is being administered in Hidalgo county, Tex.; and all payments of the interest on said notes were made by Ramon Vela, during his lifetime, when he was a resident of Hidalgo county, Tex., and all payments of interest made by the executors of his estate were made when two of said executors resided in Hidalgo county, Tex., and one of them in Cameron county, Tex.—all as is alleged in plaintiffs' original petition.

"The appellees filed a plea of privilege to be sued in Bexar county, Tex., upon the alleged grounds that they were residents of Bexar county, and no exception to exclusive venue to be sued in one's residence existed.

"To this plea appellants filed their controverting affidavit setting up, among other things, sections 6 and 14 of the article 1995, R. S. 1925.

"Whereupon appellees filed their answer to said controverting affidavit and the inapplicability of sections 6 and 14 of article 1995 to this suit in addition to a general demurrer.

"The general demurrer and said exceptions reaching the applicability of said sections 6 and 14, art. 1995, so set up by the appellees, were on June 20th sustained by the trial court."

[1] For the reasons given in the opinion in said cause No. 7914, Silveria Chapa de Vela et al. v. Shacklett et al., 1 S. W. (2d) 672, this day decided, we hold that the contracts in question were not usurious, and that their pleadings in this case show appellants have no cause of action based upon the claim of usury. We therefore overrule appellants' first proposition, in which they claim venue in Hidalgo county because the alleged usurious payments were made there, and those making them resided there, as contemplated in article 5073, R. S. 1925.

[2] It is further contended by appellants that venue lay in Hidalgo county because the purpose of their suit was to remove cloud from title to real estate and to cancel a lien thereon, as provided in the fourteenth exception to the venue statute. But the real purpose of the suit was to establish their contention of usury, and to partially offset the amount of their debt, concededly valid, with the amount they claim they were entitled to

1 S.W.(2d)

because of the alleged usurious transaction. The lien sought by them to be canceled was conceded by them to be valid for all its expressed purposes, and they sought merely to establish a partial satisfaction of the debt secured by that lien, which would have automatically discharged the lien, of course. The cancellation of the lien and removal of cloud was therefore but a remote incident to the real cause of action and could not be used as a subterfuge with which to defeat the true venue in the case. Scott v. Noakes (Tex. Civ. App.) 277 S. W. 735; Wright v. Kaler (Tex. Civ. App.) 293 S. W. 315.

[3] In their third proposition appellants claim venue in Hidalgo county under the sixth exception to the venue statute (article 1995) which provides:

"*Executors, Administrators, etc.*—If the suit is against an executor, administrator or guardian, as such, to establish a money demand against the estate which he represents the suit may be brought in the county in which such estate is administered."

It will be observed, however, that this exception relates to suits "against" executors, etc.; whereas, this suit was brought by the executors against others, and that exception is not applicable.

The third proposition is overruled, and the judgment is affirmed.