**LYDAY et al. v. LEDBETTER.** (No. 3797.)

Court of Civil Appeals of Texas. Texarkana. Jan. 16, 1930.

McRae & Dale and Cunningham & Lipscomb, all of Bonham, for appellants.

C. C. Renfro, of Dallas, for appellee.

LEVY, J. A general demurrer was sustained to the controverting affidavit of the plaintiffs to a plea of privilege filed by the defendant, and the plaintiffs have appealed from the order of the court.

The plaintiffs filed suit in the district court of Fannin county on February 27, 1929, setting up, substantially: That they were the independent executors of the estate of E. F. Lyday, deceased; that E. F. Lyday left a written will, which was probated, and that the plaintiffs have qualified as such executors; that E. F. Lyday in his lifetime had executed a deed of trust on certain real estate situated in Fannin county, to secure an indebtedness to the Dallas Joint-Stock Land Bank, and that the defendant was ap-

pointed substitute trustee in the deed of trust and had posted notices advertising sale of the land, such sale having been advertised to take place in Fannin county on the 5th of March, 1929; that there were funeral expenses and expenses of administration of the E. F. Lyday estate unpaid, constituting a charge against the tract of land superior to the deed of trust; that the sale of the land by the substitute trustee will cast a shadow on the title to the real estate, and hinder and delay the sale of the same by the plaintiffs; that the defendant had no legal right to sell the land, and is without any authority to make the sale. The plaintiffs prayed for a writ of injunction restraining the defendant from selling the land or offering the same for sale, and that on final hearing the injunction be made permanent. The bond for injunction was filed and the writ of injunction issued. Thereupon the defendant filed his plea of privilege to be sued in Dallas county, and the plaintiffs filed a controverting affidavit setting up that: "Plaintiffs state that this is a suit in effect to quiet title to land, said land being located in Fannin County, Texas. Plaintiffs say to the court that this is a suit by injunction to restrain the defendant, substitute trustee, under a certain deed of trust made by E. F. Lyday, deceased, from selling under said deed of trust the land described in plaintiffs' petition; that said lands are situated in Fannin County, Texas; that the estate of E. F. Lyday, deceased, is being administered on in said Fannin County, Texas, by said plaintiffs; that said deed of trust by its terms and under the law makes it absolutely necessary to have said lands sold at Bonham, Fannin County, Texas, at the court-house door, and is a written agreement duly executed by the said E. F. Lyday, and this court has exclusive jurisdiction of this case. Plaintiff's petition is hereby referred to and made a part of this affidavit."

If the facts alleged show the suit to be, as stated in the controverting affidavit, "a suit in effect to quiet title to land," then there was error in sustaining the demurrer; for under subdivision 14 of article 1995, R. S., the venue was in Fannin county, where the land is located. It is believed a fair analysis of the allegations would not bring the case for venue within such article of the statute. The relief sought, as well as the proceedings, was purely that of injunction against an act on the part of the substitute trustee. The main purpose of the suit was merely to perpetually inhibit the substitute trustee from selling the land under the terms of the deed of trust on default of payment of the mortgage indebtedness. There was no charge of illegality of authority on the part of the substitute trustee to make the sale. There was no charge of injury to title to the land as likely to result from allowing the sale to proceed. As alleged, the selling of the land by the substitute trustee, although under the terms of the deed of trust, would interfere with and "hinder and delay" the due execution of an administration of the estate of the deceased, and the independent executors would not realize the full value of the land in the sale by them to pay the prior charges for funeral expenses and administration. It is believed that article 4656, R. S., as determined by the trial court, fixed the venue of the proceedings, this being strictly an injunction suit.

The judgment is affirmed.