## GUILLOT v. GODCHAUX.
### No. 11782.

Court of Civil Appeals of Texas. Dallas.
June 9, 1934.

Rehearing Denied July 6, 1934.

Hughes & Monroe, J. P. Miller, and P. P. Ballowe, all of Dallas, for appellant.

Robert L. Sonfield, of Houston, for appellee.

LOONEY, Justice.

August S. Guillot, a resident of Dallas county, instituted this suit against Leon H. Godchaux, a resident of Harris county, alleging in substance that defendant, in an effort to extort money, had instigated and caused the instigation of certain litigation against plaintiff, at different points in the state, causing his arrest on unfounded criminal charges, compelling him to give bond, employ attorneys, and incur other expenses, to his damage in the sum of $20,000; and further that defendant was threatening and attempted to instigate, at several places in the state, other unfounded prosecutions, causing plaintiff worry, anxiety, and loss of business (as a stockbroker), concluding with a prayer for injunctive and general relief.

On January 3, 1934, the judge of the Sixty-Eighth district court granted a temporary order, restraining defendant from continuing such course of conduct, directing the clerk to notify him to appear, on January 13th, and show cause why a temporary writ should not issue.

On the day set, the hearing was postponed until January 19, but plaintiff filed an amended petition, reproducing in substance the cause of action, as alleged in his original petition, elaborating thereon, alleging defendant's residence to be in Dallas county; that he was temporarily "stationed or located" in Harris county; that defendant had illegally and wrongfully caused the arrest of plaintiff in Dallas county, by maliciously instigating and causing the instigation of criminal charges before magistrates in Harris and other counties, falsely charging that plaintiff was a fugitive from justice, and guilty of swindling; that warrants for his arrest were issued, under which he was arrested by officers of Dallas county, and that defendant had personally gone to certain individuals in Dallas county, encouraging them to begin unfounded prosecutions against plaintiff, etc., praying that upon final hearing he have judgment for his damages, $20,000, and a permanent injunction, restraining defendant from continuing the alleged course of conduct and, in the meantime, that he be temporarily enjoined.

On the same day (January 13, 1934) defendant filed a comprehensive answer to the merits, consisting of general and special exceptions, general denial, and pleas of confession and avoidance, praying that the restraining order be vacated, that on final hearing plaintiff take nothing by his suit, and that defendant have judgment for $200 damages, resulting from the restraining order.

The hearing on the application for the temporary writ (postponed to January 19th) was,

on motion of defendant, reset for January 26th, and, on motion of plaintiff, was again reset for February 2d. No order appears to have been made on the latter date, but on February 3d, defendant filed a motion, challenging the jurisdiction of the court, alleging that defendant's residence was not in Dallas, but in Harris county, which fact was well known to plaintiff, and that his allegation to the contrary was fraudulently made, for the purpose of showing jurisdiction of the cause in the courts of Dallas county; that under article 4656, Vernon's Ann. Civ. St., the court below was without jurisdiction; that same lay exclusively in Harris county; praying that the plea be sustained and the suit dismissed.

On a hearing, the court finding that defendant's residence was in fact in Harris, and not in Dallas county, held that it was without jurisdiction, sustained the motion, and dismissed the cause, from which plaintiff appealed.

The defendant having answered the merits of the controversy, obviously the question presented by the motion was one of jurisdiction, and not of venue. In his original petition, plaintiff set up facts constituting a cause of action for damages, alleging the amount thereof sustained, but in his prayer sought only injunctive and general relief. However, in the amendment filed January 13, 1934 (prior to the motion to dismiss), plaintiff reproduced the cause of action originally alleged, elaborated thereon, alleged the commission of trespasses in Dallas county by defendant, and sought judgment for damages and injunctive relief, temporary and permanent.

In this status of the pleadings, defendant filed the motion, challenging the jurisdiction of the district court of Dallas county, under article 4656, R. S. 1925, based on the contention that the suit being purely for injunctive relief, against a resident of Harris county, the district court of the latter county, alone, had jurisdiction. We cannot adopt this view of the case; on the contrary, think the suit is one for the recovery of damages, and that the injunctive feature is ancillary and adjunctive.

The governing rule is stated in 24 Tex. Jur. § 118, p. 116, as follows: "In suits purely for injunctive relief the injunction statutes determine the venue; but it is determined by the venue statutes where the main suit is for other than injunctive relief and the injunction is ancillary, incidental or adjunctive * * *."

In our opinion, the court erred in holding that it was without jurisdiction and in dismissing the suit; consequently its judgment is reversed and the cause remanded, but, without disturbing the restraining order, and without prejudicing the right of either party to take any future action deemed necessary in regard to either phase of the suit.

Reversed and remanded.