## ROSS v. PAINE.

No. 13250.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 25, 1935.

Rehearing Denied Nov. 22, 1935.

Alexander & Bird and Frank J. Knapp, all of Fort Worth, for appellant.

Clark & Rice, of Dallas, for appellee.

BROWN, Justice.

Appellant lives in Tarrant county, Tex., while appellee lives in Dallas county, Tex., but owns a ranch in Denton county, Tex. Appellee bought a herd of sheep from appellant, intending to put them on his Denton county ranch. When the sheep were purchased, they were in Hood county, Tex.

Appellee sued appellant in the district court of Denton county for damages growing out of the sale and purchase of these sheep and sought to lay venue in Denton county by setting up a petition, which, in substance, is as follows: That in August, 1932, appellee entered into a contract to purchase from appellant 800 sheep, located in Hood county, at the agreed price of $1,000, which sheep were warranted by appellant to be sound and free from disease, and at the time of making the contract appellee informed appellant that the sheep were to be used on appellee's Denton county pasture; that appellant delivered the sheep to appellee in Denton county and that they were infected with a deadly and contagious disease, from which more than 85 per cent. of them died within six months; that the contagious disease from which the sheep were suffering infected the sheds and pasture belonging to appellee in Denton county to such an extent that other stock being pastured by appellee on the premises became infected and died from such disease; that the disease spread to and permeated the ground and soil in the pasture "to such an extent as to cause the pasture to be rendered worthless to this plaintiff for a period of at least one year, and that the plaintiff could not use such pasture because of such deadly disease having permeated the ground, soil and sheds located thereon, causing this plaintiff to be without the use of said pasture for the period of one year. * * * That the reasonable value of said pastures for grazing and other purposes for the period of one year is the sum of $1,000.00."

Appellant filed a plea of privilege to be sued in the county of his residence, and appellee filed a controverting affidavit in which he attempts to maintain venue, by reason of subdivision 14 of article 1995, R.C.S., which provides that suits for the recovery of damages to lands must be brought in the county in which the land, or a part thereof, lies.

A general demurrer was urged against the controverting plea, which was overruled by the trial court, exception duly taken and the issue being drawn, after a hearing the trial court overruled appellant's plea of privilege.

We believe the general demurrer urged against the controverting plea should have been sustained. We do not believe that appellee's petition states a cause of action even contemplated by subdivision 14 of article 1995, R.C.S. No damage to the soil is shown, and we think that appellee's cause of action is not unlike that which was set up in the case of Knight v. Ry. Co., 93 Tex. 417, 55 S.W. 558, in which case the plaintiff was suing the railroad company for burning grass growing on his land. In that opinion, the Supreme Court said: "The language, 'damages to land,' has been construed by this court to mean, 'an injury to the possession, or to the freehold or estate.'"

Further in the opinion, the Supreme Court reviews the case of Fort Worth & N. O. Ry. Co. v. Wallace, 74 Tex. 581, 12 S.W. 227, wherein the plaintiff in the trial court sought to recover the value of grass destroyed by fire, and for injury done to the land by destruction of the grass roots and sod. The Supreme Court held in that case that the turf or sod was a part of the land and an injury to it was an injury to the land, which was, in its nature, permanent, although it may not prove to be perpetual, and distinctly pointed out that the cause of action for burning the grass was for the value of the grass destroyed, while the cause of action for injury to the sod was one in which the damages consisted of the difference between the market value of the land just before and just after the injury.

Applying the principles thus announced to the case at bar, we find that appellee is suing for the reasonable value of his pasture for grazing and other purposes for a period of one year.

The judgment of the trial court is reversed, and judgment here rendered, sustaining appellant's plea of privilege, and the cause is remanded to the trial court of Denton county, with instruction to transfer the same to the district court of Tarrant county, Tex.