## BOWMAN v. MUNCY.

### No. 5753.

Court of Civil Appeals of Texas. Amarillo.
Nov. 18, 1946.

Underwood, Johnson, Dooley & Wilson, of Amarillo, for appellant.

Monning & Singleton, of Amarillo, for appellee.

PITTS, Chief Justice.

This is a venue suit in which appellant, J. E. Bowman, sued appellee, D. J. Muncy, to establish the amount of a debt he owed appellee, for injunctive relief, and to obtain the release of a lien on land. The nature of the suit determines the venue ques-

tion and the parties here disagree as to the nature of the suit. Appellant contends that it is primarily an action in personam and the matter of obtaining a release of the lien is only incidental to the primary issues of the suit and venue is therefore fixed in Potter County where the defendant resides. Appellee contends that it is a suit in trespass to try title, for removal of a cloud to title and for a release of a mechanic's lien filed of record in Randall County where the land is located and that venue is therefore fixed in Randall County as provided for in Subdivision 14 of Article 1995, Revised Civil Statutes.

■■ In such suits venue is ordinarily determined by the nature of the principal rights asserted and the relief sought. Lone Star Mut. Life Ass'n v. Bruno, Tex.Civ. App., 101 S.W.2d 1059, and other authorities there cited. The nature of the cause of action must be ascertained from plaintiff's petition. Highway Motor Freight Lines v. Slaughter, Tex.Civ.App., 84 S.W. 2d 533; Federal Land Bank of Houston v. Downs, Tex.Civ.App., 127 S.W.2d 952, and Gilbert v. Gilbert, Tex.Civ.App., 195 S.W.2d 930, Section 2.

Appellant sued appellee on May 24, 1946, in Potter County where both parties reside, alleging that he owned a tract of land of the value of $20,000 situated in Randall County; that appellee drilled a water well for appellant on the said land to be used for irrigation purposes; that appellee had not been paid for drilling the well and providing some material therefor; that on or about May 11, 1946, and after the well was completed, appellee filed a notice of claim for the sum of $5051.62 for labor and material and of contractor's, materialman's and mechanic's lien against the land and improvements thereon in the office of the County Clerk of Randall County and the same had been there recorded; that appellant denied the amount of the said claim but stands ready to discharge and satisfy his legal liability for the services rendered on a "quantum meruit" basis as provided for in the lien as a consideration for the drilling of the well and the material provided by appellee; that there were growing crops on the land belonging to appellant and to a share tenant and the crops were being irrigated by the well; that appellee had twice recently trespassed on the land and put padlocks on the well pump to prevent the use of the water for irrigation purposes; that appellant sawed off the padlocks but that appellee was threatening to trespass further on the land for the purpose of interfering with the use of the well. Appellant then prayed for injunctive relief to prevent appellee from interfering with the use of the well and further prayed for an adjudication of appellant's liability to appellee for the drilling of the well and providing some material therefor and for the execution of a release of the lien after appellant's liability had been judicially ascertained and discharged by appellant, or if appellee refused to litigate the liability of appellant that appellant then have judgment discharging him from the lien.

On May 28, 1946, at a hearing had before the trial court a temporary injunction was granted restraining appellee from trespassing on the land in question and interfering with the water well and appellant's use of same, pending final trial and judgment.

Appellee filed his plea of privilege to be sued in Randall County, alleging that appellant's cause of action is one to remove encumbrances upon the title to the land and to quiet the title to land and that venue is therefore controlled by Subdivision 14, R.C.S., which requires such suits to be brought in the county where the land is located. He further answered on the merits of the case subject to his plea of privilege.

In due time appellant filed his controverting plea, alleging that his suit is not in any proper sense one in trespass to try title or an action to remove an encumbrance on land nor to quiet title to land but it is a suit, in one phase, for injunctive relief and, in another phase, to have adjudicated a controversy between the parties as to how much appellant owes appellee for drilling the well in question and providing some material therefor to the end that the obligation may be paid and appellant discharged from the same and

from appellee's claim and the lien; that in both respects it is a personal suit against appellee and the · venue is not determined by Subdivision 14 of Article 1995, but that venue is fixed in Potter County where appellee resides.

At a hearing had on the plea of privilege alone, the trial court concluded: "That the plaintiff's suit herein is primarily an action to remove cloud and quiet the title to the land in question located in said Randall County" and sustained appellee's plea of privilege from which order an appeal was perfected to this Court.

It is stipulated that both parties reside in Potter County, that the land in question is situated in Randall County, and that appellee's materialman's and mechanic's lien has been filed and recorded in Randall County.

If the suit is one primarily to remove cloud and quiet title to land there are numerous authorities to support the conclusion of the trial court; however, if it is primarily an action in' personam and if the materialman's and mechanic's lien is only incidental to the main cause of action, the courts have held that venue would be controlled by the statutes fixing venue for the main cause of action or the primary issues raised.

██ If the primary purpose of an injunction suit is to restrain action, as was the case in. this suit, rather than to determine title, its venue is not ordinarily determined by Subdivision 14 of Article 1995. Lyday v. Ledbetter, Tex.Civ.App., 24 S.W. 2d 68; O'Connor v. Shannon, Tex.Civ. App., 30 S.W. 1096; 43 Tex.Jur. 746, Par. 29, and other authorities there cited.

The rule is well established that venue must be determined by the primary issues pleaded and the controlling relief sought. In this suit it appears that appellant admits he owes appellee and he seeks primarily to have the amount of his debt judicially established · and he also sues for injunctive relief while the amount of the debt is being established. He recognizes the validity of the lien and asked, secondarily, for a release of the lien only when the amount of the debt has been judicially ascertained and discharged. The only is-

sues raised that could be controverted are the amount of the debt and the right of injunctive relief.

The case of Scott, Commissioner of Insurance, v. Noakes, Tex.Civ.App., 277 S.W. 735, is a very similar case to this. That suit was one primarily to determine by judicial ascertainment a controversy about an amount due on a valid obligation secured by a deed of trust. It was there conceded that a valid enforceable obligation existed and that the same was secured by a lien on the land which constituted a cloud upon the title. Plaintiff there prayed for a judgment fixing the amount due and for the removal of the encumbrances and the title quieted after the amount of liability had been judicially determined and paid off. The court there held that the removal of the encumbrances of the title to the land and the quieting of the title were incidental to the primary cause of action to establish the amount of the obligation. The court further held that the case was not brought within the purview of Subdivision 14 of the venue statutes but that the court in the county where defendants resided had venue of the case.

The same rule is again declared and followed in the case of Wright v. Kaler, Tex. Civ.App., 293 S.W. 315, and again recognized with approval in the case of Vela v. Shacklett, Tex.Civ.App., 1 S.W.2d 672.

Appellee ably presents his theory of the case and seeks to show that the rule of law followed in the Scott-Noakes case does not apply to this case. He further argues that the rule laid down in the Scott-Noakes case and those later approving such rule, has subsequently been overturned but we do not so find. We find a distinction between the cases cited by appellee ·and the cases announcing the rule here followed. In those cases cited by appellee one or the other of the parties to the suit either challenged the validity of the lien on land, claimed that no valid debt existed, or raised other issues that had a tendency to show an encumbrance on land or a cloud on title such as would bring the suit within the purview of the provisions of Subdivision 14 of the venue statutes. But the pleadings in this case present no such issues.

The general rule has been announced by many Texas courts that under the venue statute a plaintiff bringing a cause of action in good faith is entitled to invoke the venue that accords with the allegations in the petition. McKee v. McKee, Tex.Civ. App., 12 S.W.2d 849; Salisbury v. Taylor, Tex.Civ.App., 5 S.W.2d 874; Diamond Mill Co. v. Adams-Childers Co., Tex.Civ.App., 217 S.W. 176.

For the reasons heretofore stated we believe it was error to sustain appellee's plea of privilege and order the case transferred to Randall County. The judgment of the trial court is therefore reversed and judgment is here rendered overruling appellee's plea of privilege and fixing the venue of the case in Potter County.

Reversed and rendered.