**S. J. ROGERS et al., Appellants,**

v.

**Charles SCALING, Appellee.**

No. 15688.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 2, 1955.

Rehearing Denied Jan. 6, 1956.

Keith, Mehaffy & McNicholas and Quentin Keith, Beaumont, for appellant.

Morgan & Shropshire and Cecil A. Morgan, Fort Worth, for appellee.

BOYD, Justice.

This is an appeal from an order of a District Court of Tarrant County, overruling a plea of privilege filed by appellants S. J. Rogers and N. Jay Rogers, to be sued in Jefferson County where both reside.

Appellee Charles Scaling sued appellants and Seventh Street Realty Company, a corporation domiciled in Tarrant County, alleging that appellee owns Lot 5, in Block 5, of Hirschfield Addition to the City of Fort Worth, and that Seventh Street Realty Company is the owner and appellants are the lessees of the adjoining lot, Lot 4. He further alleged: that his lot is on the west side of Houston Street, and situated on it is a one-story basement building; that it is located in the central area of downtown Fort Worth and is valuable

as commercial rent property; that on or about June 7, 1955, defendants erected a large sign, about ten feet square and twelve inches thick, adjacent to his property and on the property line between Lots 4 and 5, which reads, "Texas State Optical" and under this are the words, "Eyes Examined"; that electric lights have been installed in said sign; that the sign is painted in bold colors; that by reason of its dimensions, location, colors, lights and physical construction, the sign completely blocks from view of all persons who may be traveling along Houston Street, between Seventh and Eighth Streets, the building owned by appellee; that the sign is of such construction and is so located that it leaves the erroneous impression that it is located on appellee's property, making it impossible for appellee or a tenant of his to construct a sign that could be seen by people moving in said street, thus destroying the value of appellee's property as a retail business establishment; that Houston Street is a one-way street for motor vehicular traffic, such traffic moving south, and that such sign blocks the view of those traveling in motor vehicles; that by the erection of such sign the defendants are making an unreasonable use of Lot 4 to the injury of appellee's property; that the size, weight and dimensions of the sign constitute a danger to the life and limb of any person passing under or near it, and particularly to appellee's property, and is a hazard to appellee's property and the plate glass windows in the front portion of his building; that the electric wires leading to the lights on said sign are a hazard and danger to the appellee's property; that the erection and maintenance of the sign caused appellee to lose a long-term rental contract for his property at a rental of $1,000 per month. Appellee also alleged that he had no adequate remedy at law and prayed for a mandatory injunction requiring the defendants to remove the sign, and, in the alternative, asked for damages in the sum of $10,000.

In his controverting affidavit appellee alleged that the court had venue under Art. 1995, subd. 14, R.C.S., and under subds. 4 and 29a of said Article. Appellants' points for reversal are that it was error to hold that venue was properly laid in Tarrant County under either of the above mentioned subdivisions of Article 1995.

■ Article 1995, subd. 14, is in part as follows: "Suits for the recovery of lands or damages thereto, * * * must be brought in the county in which the land, or a part thereof, may lie." It has been held that the term "damages to land", as used in said subdivision, means "an injury to the possession or to the freehold or estate." 43–B Tex.Jur., p. 146, sec. 30; Knight v. Houston & T. C. Ry. Co., 93 Tex. 417, 55 S.W. 558. Whether this is a suit to recover damages to land must be determined from appellee's petition. If it is such a suit, the only other venue fact is that the land be situated in Tarrant County. Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69; Galindo v. Garcia, Tex.Civ. App., 222 S.W.2d 477; Texan Development Co. v. Hodges, Tex.Civ.App., 237 S.W.2d 436; Galbreath v. Farrell, Tex. Civ.App., 221 S.W. 1015; Joy v. Joy, Tex.Civ.App., 254 S.W.2d 810. Where the suit is for the recovery of damages to land, it is immaterial that additional recoveries are sought other than those enumerated in subd. 14. Stephenville Production Credit Ass'n v. Rockwell, Tex.Civ. App., 250 S.W.2d 476; Ward & McCullough v. Mobley, Tex.Civ.App., 250 S.W.2d 948.

■ To bring the case under subd. 14, if the suit is for the recovery of damages to land, the plaintiff has the burden of proving only two venue facts, (1) the nature of the suit, that is, that it is for the recovery of damages to land, and (2) the location of the land; and whether it is a case for the recovery of damages to land is a question of law to be determined by the court from the allegations of the plaintiff's petition. Allison v. Yarborough, Tex.Civ. App., 228 S.W.2d 930; Klein v. Sibley, Tex.Civ.App., 203 S.W.2d 239; 43–B Tex. Jur., p. 368, sec. 153.

■ The land is situated in Tarrant County, and it is our opinion that the proper construction of appellee's petition is that this is a suit for the recovery of damages to land. It follows that we think the court correctly held that venue lies in Tarrant County.

The judgment is affirmed.