## PERRY BROWN v. GULF TELEVISION COMPANY

No. A-6381. Decided November 6, 1957.
(306 S.W. 2d Series 706.)

608

*Cleveland C. Davis,* of Angleton, *Bracewell, Tunks, Reynolds & Patterson* and *Bert H. Tunks,* all of Houston, for petitioner.

*Wigley, McLeod, Mills & Shirley, C. W. McLeod* and *Preston Shirley,* all of Galveston, for respondent.

MR. JUSTICE NORVELL delivered the opinion of the Court.

█ While this is a plea of privilege case, we have jurisdiction because of conflicting holdings by the Courts of Civil Appeals set forth in Rogers v. Scaling, Ft. Worth Court of Civil Appeals, 285 S.W. 2d 259[1] and Gulf Television Company v. Brown, Galveston Court of Civil Appeals, 301 S.W. 2d 256. See Articles 1728 and 1821, Revised Statutes, 1925, as amended, Acts 1953, 53rd Leg., p. 1026, ch. 424. Articles 1728, 1821 Vernon's Ann. Texas Stats. State v. Wynn, 157 Texas 200, 301 S.W. 2d 76.

[1] A petition for a writ of mandamus to require certification of questions in Rogers v. Scaling was overruled by this Court because such petition was filed after the effective date of the 1953 amendments to Articles 1728 and 1821 which rendered the writ of error available in case of conflicting decisions.

Article designations hereinafter used refer to Vernon's Ann. Texas Stats.

It appears from the respective opinions that both suits were based upon the erection and maintenance of structures or devices upon the premises of the defendants which allegedly interfered with plaintiff's use of their properties. In the Fort Worth case an advertising sign was involved. In the Galveston case which is presently before us, complaint is made of a television antenna tower erected by defendant upon land owned by it.

In Rogers v. Scaling, supra, the Fort Worth Court held that exception 14 of Article 1995, Vernon's Ann. Civ. Stats. relating to damages to land controlled the venue of the suit although the plaintiff "alleged that he had no adequate remedy at law and prayed for a mandatory injunction requiring the defendants to remove the (offending) sign, and, in the alternative, asked for damages in the sum of $10,000.00.[2]

In the present case, the opinion of the appellate court sets out the petition of the plaintiff Brown, which discloses that he prayed for a "mandatory injunction by which the Court order the Defendant to remove its * * * television antenna tower; and in the alternative * * * that it recover of the Defendant judgment for his damages, * * * in the sum of Two Hundred Fifty Thousand Dollars, * * *." The Galveston Court held that the principal and primary purpose of the suit was to obtain relief by way of injunction and hence venue was not controlled by exception 14 of Article 1995.

In Rogers v. Scaling it was also held that a petition which alleged that the erection of a structure or advertising device upon defendant's property which resulted in injury to plaintiff's business and a depreciation in the value of plaintiff's lot for business purposes was a suit for damages to land within the meaning of exception 14, Article 1995.

In the instant case, the Galveston Court has held that the legal cause of action stated alternatively in plaintiff's petition was actually one for consequential damages to plaintiff's business flowing from a claimed illegal interference by defendant through the use of his own land and was not a suit for damages to land within the meaning of exception 14 of Article 1995.

---

[2]The relief awarded plaintiff after a trial on the merits was by way of permanent injunction. See Rogers v. Scaling, Texas Civ. App., 298 S.W. 2d 877, wr. ref. n.r.e.

We are thus confronted with a double conflict, so to speak. This is not a case in which a later decision of a court of civil appeals can be reconciled with an earlier one of another court of civil appeals by regarding one of two stated bases of decision as being dicta under the rule announced in Benson v. Jones, 117 Texas 68, 296 S.W. 865. Whichever ground be taken for the basis of the decision of the Galveston Court, it necessarily conflicts with a basic and essential holding expressed in Rogers v. Scaling. It thereupon becomes our duty to settle the points of conflict.

The pertinent portions of the statutory articles involved read as follows:

Article 1995, Section 14. "Lands.—Suits for the recovery of lands or damages thereto, * * * must be brought in the county in which the land, or a part thereof, may lie."

Article 1995, Section 30. "Special Venue.—Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed the suit shall be commenced in the county to which jurisdiction may be so expressly given."

Article 4656 "Jurisdiction for trial. Writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered, writs of injunction for other causes, if the party against whom it is granted be an inhabitant of the State, shall be returnable to and tried in the district or county court of the county in which such party has his domicile, according as the amount or matter in controversy comes within the jurisdiction of either of said courts. If there be more than one party against whom a writ is granted, it may be returned and tried in the proper court of the county where either may have his domicile."

■ The directions in both Article 1995, Section 14 and Article 4656 are stated in mandatory terms. They need not be and have not been construed as conflicting. Whenever it can properly be said from the pleadings that the issuance of an injunction is merely ancillary to a judgment awarding a recovery of lands or quieting the title thereto, Article 1995, Section 14 has application. Uvalde Rock Asphalt Co. v. Asphalt Belt Ry. Co. (upon rehearing) Texas Com. App., 267 S.W. 2d 688. On the other hand where the petition discloses that the issuance of a per-

petual injunction is the primary and principal relief sought, the special venue provisions of Article 4656 control. "Where the venue depends on the nature of the suit, such venue is ordinarily determined by the nature of the principal right asserted and the relief sought for the breach thereof." Lone Star Mutual Life Association v. Bruno, Texas Civ. App., 101 S.W. 2d 1059,[3] Page v. Kilgore, 181 S.W. 2d 730, Boyd v. Crabb, Texas Civ. App., 205 S.W. 2d 606, Miller v. Howell, Texas Civ. App., 234 S.W. 2d 925.

The existence of a certain set of facts may entitle a litigant to a choice between legal and equitable remedies and it may seem that no venue distinction between remedies should logically be drawn if convenience of trial for litigants and witnesses be the true basis of the venue exception, but the Legislature has expressly provided a special venue for injunction suits and in cases where the plaintiff alleges that he has no adequate remedy at law and hence is entitled to and requests injunctive relief, it would seem that he choose the equitable remedy as and for his primary relief. The venue of the suit is consequently controlled by Article 4656 rather than Article 1995, Section 14. O'Connor v. Shannon, Texas Civ. App., 30 S.W. 1096, app. wr. error dismissed; Scott v. Noakes, Texas Civ. App., 277 S.W. 735; app. wr. error dismissed; Fernandez v. Shacklett, Texas Civ. App., 1 S.W. 2d 675; Lyday v. Ledbetter, Texas Civ. App., 24 S.W. 2d 68; Bowman v. Muncy, Texas Civ. App., 197 S.W. 2d 866.

■ We are also of the opinion that plaintiff's alternative claim to damages cannot be properly classified as coming within the provisions of Article 1995, Section 14. From an early day in this state the language of exception 14 and its predecessor sections has been construed as referring to "injury to the possession, or to the freehold or estate." Miller v. Rusk, 17 Texas 170, Thomson v. Locke, 66 Texas 383, 1 S.W. 112, Knight v. Houston & Texas Central Railroad Co., 93 Texas 417, 55 S.W. 558. It does not include damages for loss of profits to a business located on on real property, or losses occasioned by a decrease in market value of land used for business purposes when there is no invasion of the land itself or a right appurtenant thereto. City of Mineral Wells v. McDonald, 141 Texas 113, 170 S.W. 2d 466, Ross v. Paine, Texas Civ. App., 88 S.W. 2d 736, app. wr. err.

[3]Opinions of the Courts of Civil Appeals herein cited are for the most part plea of privilege cases in which neither an application for writ of mandamus or writ of error was filed in this Court. In cases wherein such applications were filed, the action of this Court is indicated.

dismissed, Posey v. Williamson, Texas Civ. App., 134 S.W. 2d 335, Carleton v. Dierks, Texas Civ. App., 195 S.W. 2d 834, Miller v. Howell, Texas Civ. App., 234 S.W. 2d 925, Stull's Chemicals Inc. v. Davis, Texas Civ. App., 263 S.W. 2d 806, Stanolind Oil & Gas Co. v. Smith, Texas Civ. App., 290 S.W. 2d 696.

Being of the opinion that the Galveston Court of Civil Appeals was correct in its decisions upon the points of conflict discussed, its order sustaining respondent's plea of privilege is affirmed.

Opinion delivered November 6, 1957.

Mr. Justice Smith dissenting.

I respectfully file this dissent.

The writ of error was granted in this case, so far as the writer is concerned, because the opinion of the Court of Civil Appeals in the present case was in conflict with the opinion of the Fort Worth Court of Civil Appeals in Rogers v. Scaling, 285 S.W. 2d 259, and, further, because it was my opinion that the present case had been incorrectly decided. Before a writ should be granted, this Court must be at least of the tentative view: (1) that a conflict exists, and (2) that the previous case correctly announces the law, otherwise the writ should not be granted.

Coming now directly to the question involved: An examination of the transcript containing plaintiff's petition filed in the trial court, and his controverting affidavit to respondent's plea of privilege, renders it impossible for me to reach any other conclusion than that this suit is one for the recovery of damages within the purview of Subdiv. 14 of Article 1995, V.A.T.S., which reads as follows:

"Suits for the recovery of lands or damages thereto, or to remove incumbrances from the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie.'

In my opinion, the specific provisions of the above quoted Subdivision of Article 1995, V.A.T.S. take precedence over the provisions of Article 4656. The latter article, it will be noted, is couched in general terms, while Subdiv. 14, supra, is specific and mandatory in its terms in providing that the venue of

suits for the recovery of lands *or damages thereto,* must be brought in the county in which the land, or part thereof, may lie. Language can have no clearer meaning than this. In our case, the plaintiff has alleged that he is the owner of certain property in Brazoria County, Texas and after specifically describing such property, he makes this further pertinent allegation:

"The said tract of land above described by virtue of its location was, in 1947, and still is, ideally adapted for use as an airport, being sufficiently near to metropolitan areas as to be accessable, and, until the construction of the tower hereinafter described, being situated sufficiently distant from tall structures as to reduce to a minimum hazards to planes using it as an airport. Because of such fact the Plaintiff, in about the year 1947, began to use the said tract of land as an airport to which use the land has been applied continuously on down through the present date. In the Plaintiff's application of the use of his said tract of land as an airport, he can constructed costly improvements thereon consisting of runways, hangars and other facilities necessary to the maintenance of an airport. In constructing such facilities Plaintiff has incurred reasonable and necessary costs in the approximate amount of One Hundred Fifty Thousand Dollars and the facilities so constructed by him for such purposes have a reasonable value of approximately One Hundred Fifty Thousand Dollars. *The said facilities so constructed by the Plaintiff upon his said tract of land are of such nature as to be valueless except as facilities in the operation of an airport.*" (Emphasis added).

Following the above allegation, the plaintiff-petitioner alleged that the defendant-respondent had, over his protest, constructed a television antenna at a point some 3.6 miles from his airport and at a point almost in line with his runway. which antenna was approximately 1200 feet in height; that such act of the defendant-respondent constituted an "airport hazard" * * *; that the construction of the antenna reduced the size of the area available for landing and taking off of aircraft; and that the tower constituted a nuisance in fact. as well as a statutory nuisance as defined by Article 46e-2 of Vernon's Civil Statutes; that the construction and maintenance of such nuisance was a direct and proximate cause of an irreparable injury to plaintiff's land. The plaintiff-petitioner further alleged that because of such acts and conduct the value of his land for airport purposes, as well as the value of improvements thereon, had been destroyed to plaintiff's damage in the sum of $250,000.00.

It is true that plaintiff prayed for a mandatory injunction, and, in the alternative, for the recovery of his damages and for general relief. Nevertheless, the fact that a recovery for damages was pleaded alternatively does not change in the least the cause fo action as pleaded. Texas Development Co. v. Hodges, Texas Civ. App., 237 S.W. 2d 436, no writ history. Under our system of pleadings, it is proper to plead in the alternative. In view of the record, pleadings, and the evidence on the hearing of the plea of privilege, it is my opinion that the present suit is basically and fundamentally a suit for the recovery of damages and that Article 4656, supra, has no application.

The facts in the case of Rogers v. Scaling, supra, are almost identical with the facts in the case at bar. In that case, it was held that the court had venue under Subdiv. 14, supra, and not under Article 4656. S. J. Rogers et al. filed their plea of privilege to be sued in Jefferson County. The court overruled the plea of privilege and that judgment was affirmed by the Fort Worth Court of Civil Appeals. The court held that damages to land as contemplated by Subdiv. 14, supra, meant an injury to possession or to the freehold or estate. Rogers et al. applied to this Court for a writ of mandamus and the application was overruled with the notation "See Chapter 424, p. 1026, Acts of 1953, 53rd Legislature." I have examined the petition for writ of mandamus in the Rogers case and its principal point, as set out in a certified question, is:

"Do the allegation in plaintiff's petition show venue in Tarrant County under Subdivision 14 of Article 1995 as against the defendants S. J. Rogers and N. J. Rogers?"

Following the question, the petitioner proceeds to present his argument on the legal question involved and cites several cases which he contended were in conflict or supported his argument which was in effect the true character of Scaling's cause of action was not one for the recovery of damages to land, but to the contrary was a cause of action wherein his only damage was loss of profits because of his inability to lease the premises. Just here, I would like to interpose the thought that the present case under the pleadings is even a stronger case than the Rogers case, and it is more consistent to hold that this case comes under Subdivision 14 than the Rogers case. This question cannot, under any circumstances, be determined by looking to the ultimate judgment which was entered in the Rogers case. The trial court must determine the question at the very inception before a trial is had on the merits and is confined in such determination to

the pleadings. This rule is well settled. See Gilbert v. Gilbert, Texas Civ. App., 195 S.W. 2d 930, affirmed, 145 Texas 114, 195 S.W. 2d 936.

The petitioner-plaintiff has not made a choice between legal and equitable remedies, but, to the contrary he has pleaded both remedies. In the event it should be held in the trial of the case on its merits that the petitioner-plaintiff has sustained damages to his land, he would be entitled to judgment therefor, regardless of the action of the court on the plea for injunction. It cannot be said, therefore, that the action herein for damages is merely incidental to the issue of whether or not the petitioner-plaintiff should be held entitled to a permanent injunction.

In the Rogers case, supra, the court held that the plaintiff had discharged his burden by proving the only two venus facts required, namely, (1) the nature of the suit, that is, that it was for the recovery of damages to land; (2) the location of the land; and (3) whether it is a case for the recovery of damages to land was a question of law to be determined by the court from the allegations of the plaintiff's petition.

The Fort Worth Court of Civil Appeals, in deciding the Rogers case, supra, was no doubt persuaded to do so by the holding in the case of Uvalde Rock Asphalt Co. v. Asphalt Belt Ry. Co., (decided by the Commission of Appeals in 1925). In that case, on rehearing, the Commission expressly stated that the original opinion was written under the impression that the suit was purely a suit for injunction, but, on motion for rehearing, it was found that the petition contained all the necessary allegations for suit in trespass to try title and that it was a prayer for general relief. The same holding was also made in the cases of Guillot v. Godchaux, Texas Civ. App., 73 S.W. 2d 924, and Lindley v. Easley, Texas Civ. App., 59 S.W. 2d 927, 929. In each of the above cases Article 4653 (now Article 4656) was held inapplicable.

The legislature has specifically enacted a mandatory statute (Subdivision 14) directing that all suits for damages to lands must be brought in the county where the land is situated. This statute definitely manifests that it was the intention of the legislature that the general statute, Article 4656, supra, having for its subject matter the jurisdiction for trial of writs of injunction has no application in a suit as this. By enacting Subdiv. 14, supra, the legislature no doubt, intended for such act to

616

take precedence over Article 4656, in a case such as we have here where an injunction is sought to obtain relief from a nuisance created by another party causing damage to land and especially when the pleadings and the evidence shows that the cause of action is one stemming from a nuisance which has caused damages to the land.

This Court cannot assume that the trial court will order the antenna removed.

The majority opinion cites, in supporting of its holding, that Article 4656 is controlling in the cases of O'Connor v. Shannon, Texas Civ. App. 30 S.W. 1096, app. wr. error dismissed; Scott v. Noakes, Texas Civ. App., 277 S.W. 735, app. wr. error dismissed; Fernandez v. Shacklett, Texas Civ. App., 1 S.W. 2d 675; Lyday v. Ledbetter, Texas Civ. App., 24 S.W. 2d 68; Bowman v. Muncy, Texas Civ. App., 197 S.W. 2d 866. The nature and character of the suit in each of those cases is entirely different from that as pleaded in the present suit and I respectfully decline to recognize them as having any application to the case at bar.

In my opinion, the judgment of the Court of Civil Appeals should be reversed and venue held to be in Brazoria County, Texas, as held by the trial court.

Opinion delivered November 6, 1957.