**J. C. KING et al., Appellants,**

**v.**

**PITTSBURGH DES MOINES STEEL COMPANY et al., Appellees.**

**No. 3969.**

Court of Civil Appeals of Texas.

Eastland.

March 19, 1965.

Miller, Sanders & Baker, Oth Miller, Amarillo, for appellants.

Underwood, Wilson, Sutton, Heare & Berry, R. A. Wilson, Amarillo, for appellees.

GRISSOM, Chief Justice.

J. C. King et al. sued Pittsburgh Des Moines Steel Company in Randall County for damages caused by defendant permitting paint to fall and cover "plaintiffs' building, fixtures and equipment" while it was painting adjoining property. Said defendant filed a plea of privilege to be sued in Dallas County, where its principal place of business is located. Plaintiffs filed a controverting affidavit asserting that their suit was to recover damages to land within the meaning of exception 14, Article 1995. The court sustained said plea. Plaintiffs have appealed.

Appellants' only point is that the court erred in sustaining the plea of privilege because the "evidence" showed that (1) its suit was for damages to land and that (2) the land was in Randall County, where the suit was brought.

Appellants had the burden of establishing two venue facts; (1) the nature of the suit, that is that it was for the recovery of damages to land, and (2) that the land was in the county in which the suit was brought. Whether appellants' suit is for the recovery of damages to land is a question of law to be determined by the court from the plaintiffs' petition. Their petition clearly showed only a suit for damages to appellants' building, fixtures and equipment. A building may or may not be a part of the land. Holly v. Craig, Tex.Civ.

App., 334 S.W.2d 586, 587. The petition did not show that the building was a part of appellants' land. Therefore, appellants did not show that their suit was for damages to land, which is a prerequisite to sustaining venue in Randall County under exception 14, and the court did not err in sustaining appellees' plea of privilege.

In Knight v. Houston & T. C. R. Co., 93 Tex. 417, 55 S.W. 558, our Supreme Court held that a petition containing allegations of damages to burning grass growing upon land did not show an action for damages to land within exception 14. In Stanolind Oil & Gas Company v. Smith, Tex.Civ.App., 290 S.W.2d 696, it was held that a petition which contained allegations of the destruction of growing crops on land did not show a suit for damages to land within exception 14. See also Stull's Chemicals, Inc. v. Davis, Tex.Civ.App., 263 S.W.2d 806.

The judgment is affirmed.