Leroy **MICHALSKI** et al., Appellants,

**v.**

**MUTUAL BUILDING AND LOAN ASSOCI-ATION** et al., Appellees.

No. 17074.

Court of Civil Appeals of Texas, Fort Worth.

Jan. 16, 1970.

Rehearing Denied Feb. 6, 1970.

Glenn Hausenfluck, Fort Worth, for appellants.

Fred W. Bankhead, Weatherford, for appellees.

OPINION

LANGDON, Justice.

Appellants initiated suit against the appellees seeking a declaratory judgment (pursuant to Article 2524-1, Vernon's Ann.

Civ.St.) construing a provision contained in a deed of trust and an order "restraining and enjoining" sale of the property described therein pending determination of the declaratory judgment. This appeal is from the court's order sustaining a plea of privilege filed by appellees.

We affirm.

The appellants, plaintiffs below, are Leroy Michalski and wife, Charlene, and Homer D. Neeper and wife, Patsy, all residents of Tarrant County. The property involved is located in Tarrant County.

The appellees, defendants below, are Mutual Building and Loan Assocation, a corporation, with its principal place of business in Parker County, and Fred W. Bankhead, Trustee, who resides in Parker County.

On September 22, 1965, the property in question was conveyed to the Michalskis. The deed of trust securing the lien on the property contained the following provision which is the basis of this controversy:

"It is agreed that if the above described property, or any part thereof, be sold and conveyed by the undersigned without first having discharged in full all indebtedness secured by this Deed of Trust, the Mortgagee or other holder of said above described note, shall have the option to declare the whole of said indebtedness immediately due and payable, unless written consent of said Mutual Building & Loan Association, or other holder, to such proposed sale, stating in detail the terms and conditions of sale including the name of the proposed grantee, shall have been first obtained by the Mortgagor, or other person obligated to pay said above described note; and in the event such sale and conveyance is made without the previous knowledge of said Association, or other holder, and the previous consent above required, then said Association, or other holder, shall have the option above described, upon receiving actual knowledge of the sale or conveyance. Record knowledge by virtue of the filing of a Deed or other instrument for record

with the County Clerk of the county in which the land is situated shall not constitute the knowledge required by this provision. The originals, or certified copies, of such conveyances shall be furnished noteholder, at the expense of Mortgagor, his heirs or assigns."

On August 19, 1968, the Michalskis conveyed the property in question to the Neepers who assumed the outstanding balance owed on the note against the property.

On January 24, 1969, appellants filed their original petition styled, "Application for Restraining Order and Declaratory Judgment" alleging that "Defendant Mutual Building and Loan Association, upon being notified of such latter conveyance refused to approve such conveyance for the reason that plaintiffs Homer D. Neeper et ux would not agree to permit defendant to increase the interest rate of said note from 6% to 7¾%." It was further alleged that "This is a proper action for a Declaratory Judgment because a question in controversy has arisen in the interpretation and construction * * *" of the said provision contained in the deed of trust which is set forth above. The plaintiffs further alleged that the question involved is whether or not the defendant can refuse its written permission to the transfer of the property, "when their only reason for not doing so is because plaintiffs will not agree to an increase in interest rate."

Paragraph VII of Plaintiffs' petition reads: "Plaintiffs further show the Court that immediate and irreparable injury, loss, harm and damage will result to plaintiffs before notice can be served and a hearing had thereon, for the reason that the property has been posted for sale on February 4, 1969 and that defendants will undoubtedly proceed with such sale unless restrained and enjoined immediately by a Temporary Restraining Order from doing so; *that Plaintiffs have no adequate remedy at law and a temporary restraining order, restraining and enjoining the defendants from proceeding with the sale should be granted immediately*

*without notice."* (Emphasis ours.) The prayer was to the same effect.

All parties to this suit agree that (1) the appellants' point of error asserting that the court erred in sustaining the plea of privilege embraces two questions, i. e., "Is Appellants' prayer for injunction the primary or ancillary purpose of the law suit, and if it is ancillary, is the primary purpose within one of the execptions to venue set out in Article 1995 V.C.S." (2) "In suits purely for injunctive relief, venue is determined by Article 4656, V.C.S.; but where the injunctive relief is ancillary to the primary purpose of the law suit then Article 4656 is not applicable and venue must be determined without reference to that statute * * *. Whether the prayer for injunction is primary or ancillary is determined by reference to the pleadings * * *."

Appellants contend that the main purpose of their suit is to determine the effect of the questioned provision contained in the deed of trust on their rights with regard to the property in question. They concede that if the Trustee "had not posted notices of sale and had refrained from doing so until the issue was resolved, the declaratory judgment by itself would have been sufficient to resolve the issues of this case."

Appellees contend that the dominant purpose of appellants' suit is to restrain the threatened foreclosure sale and that the subsidiary purpose is to construe the clause in the deed of trust. That if foreclosure notices had not been posted there would be no occasion for filing the instant suit. That as an incident to the relief sought it will be necessary at trial on the merits to make a judicial determination as to whether or not the challenged provision in the deed of trust under which the posting of the notice was made is valid.

In granting the plea of privilege the trial court upheld the appellees' contention. Based upon its analysis of the plaintiffs' petition the court correctly held that the primary and dominant purpose of the suit was to prevent defendants from foreclosing on the property and dispossessing the plaintiffs.

In Brown v. Gulf Television Company, 157 Tex. 607, 306 S.W.2d 706 (Sup. Ct., 1957) the court said: "the Legislature has expressly provided a special venue for injunction suits and in cases where the plaintiff alleges that he has no adequate remedy at law and hence is entitled to and requests injunctive relief, it would seem that he chooses the equitable remedy as and for his primary relief. The venue of the suit is consequently controlled by Article 4656 rather than Article 1995, § 14." To the same effect is the case of Lyday v. Ledbetter, 24 S.W.2d 68 (Texarkana Tex. Civ.App., 1930, no writ hist.). See also 31 Tex.Jur.2d, p. 213, § 110 and 59 Tex.Jur., p. 422, § 36, and cases cited under each section.

The point of error is overruled and the action of the trial court in granting the plea of privilege is affirmed.

Affirmed.

BREWSTER, J., not participating.