KJ EASTWOOD INVESTMENTS, INC.
and Timothy D. Hagen, Relators

v.

Hon. Paul ENLOW, Judge, 141st District
Court of Tarrant County, Texas,
Respondent.

No. 2–96–031–CV.

Court of Appeals of Texas,
Fort Worth.

May 30, 1996.

Geary, Porter & Donovan, P.C. and Theodore J. Riney, and Ronald D. Gray, Dallas, for relators.

Wm. Charles Bundren and Lalon C. Peale, Dallas, for real parties.

Before LIVINGSTON, DAUPHINOT and BRIGHAM, JJ.

## OPINION

LIVINGSTON, Justice.

This original proceeding for a writ of mandamus is brought under section 15.0642 of the Civil Practice and Remedies Code, which allows a party to seek mandamus relief to enforce a *mandatory* venue provision.[1] We conditionally grant the writ of mandamus.

---

1. Section 15.0642 states:

   A party may apply for a writ of mandamus with an appellate court to enforce the manda-

In the trial court, Eastwood–Westwood, L.P. (the plaintiff and real party in interest) sued relators KJ Eastwood Investments, Inc. and Timothy D. Hagen in Tarrant County district court, seeking a temporary restraining order and a temporary injunction to enjoin a posted foreclosure. The plaintiff also sued the relators for breach of contract, declaratory judgment, wrongful declaration of default and acceleration, DTPA violations, and breach of duty of good faith and fair dealing.

The relators, both of whom reside in Dallas County, filed a motion to transfer venue to Dallas County, allegedly a county of mandatory venue under section 65.023(a) of the Civil Practice and Remedies Code. In a February 13, 1996 order, the trial court denied the motion to transfer and found that mandatory venue existed in Tarrant County. It is this ruling by the respondent that forms the basis for this original proceeding.

■■■ In deciding whether a writ of mandamus is appropriate, we recognize that mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992). A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable that amounts to a clear and prejudicial error of law. *Id.* On the trial court's determination of the legal principles controlling its ruling, the trial court has no discretion in determining what the law is or in applying the law to the facts. *Id.* at 840. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion and may result in mandamus. *Id.*

■■■ Section 65.023(a), relied on by the relators to establish mandatory venue of this action in Dallas County, provides:

[A] writ of injunction against a party who is a resident of this state shall be tried in a district or county court in the county in which the party is domiciled. If the writ is granted against more than one party, it may be tried in the proper court of the county in which either party is domiciled.

TEX.CIV.PRAC. & REM.CODE ANN. § 65.023(a) (Vernon 1986); *see, e.g., Lyday v. Ledbetter*, 24 S.W.2d 68, 69 (Tex.Civ.App.—Texarkana 1930, no writ) (suit to enjoin trustee from selling land under deed of trust not maintainable ·in county where land is located under former article 1995, section 14 because trustee lived in another county and venue was fixed there under former article 4656).

■ The plaintiff argues that Tarrant County is a county of proper venue. If a plaintiff initially files suit in a county of "proper venue," the case cannot be transferred to another county where venue would also be proper. *Wilson v. Texas Parks & Wildlife Dept.*, 886 S.W.2d 259, 260–61 (Tex. 1994).

"Proper venue" means:

(1) *the venue required by the mandatory provisions of Subchapter B or another statute prescribing mandatory venue;* or

(2) if Subdivision (1) does not apply, the venue provided by this subchapter or Subchapter C.

TEX.CIV.PRAC. & REM.CODE ANN. § 15.001(b) (Vernon Supp.1996) (emphasis added).

■ The plaintiff advances two specific arguments why the trial court did not err in denying the relators' motion to transfer venue to Dallas County. First, the plaintiff claims that Tarrant County is a county of mandatory venue under subsection 15.002(a)(1) of the Civil Practice and Remedies Code. But subsection 15.002(a)(1) is part of the "general" venue rule, not a mandatory venue statute, as the plaintiff claims:

### § 15.002. Venue: General Rule

(a) *Except as otherwise provided by this subchapter or Subchapter B or C,* all lawsuits shall be brought:

tory venue provisions of this chapter. An application for the writ of mandamus must be filed before the later of:
(1) the 90th day before the date the trial starts; or

(2) the 10th day after the date the party receives notice of the trial setting.
TEX.CIV PRAC. & REM.CODE ANN. § 15.0642 (Vernon Supp.1996).

(1) in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred;

. . . .

TEX.CIV.PRAC. & REM.CODE ANN. § 15.002(a)(1) (Vernon Supp.1996) (emphasis added).

Thus, the plaintiff is initially wrong in claiming that subsection 15.002(a)(1) provides for mandatory venue. The question, then, is whether, under subsection 15.002(a)(1), Tarrant County is a county of proper venue, as defined by subsection 15.001(b)(1). Under subsection 15.001(b)(1), the answer is no because the relators sought transfer under a mandatory venue statute—section 65.023(a)—which is made mandatory by section 15.016 of Subchapter B. Section 15.016 provides: "An action governed by any other statute prescribing mandatory venue shall be brought in the county required by that statute." TEX.CIV.PRAC. & REM.CODE ANN. § 15.016 (Vernon 1986).

■ Second, the plaintiff claims that Tarrant County is a county of mandatory venue under section 15.011 of the Civil Practice and Remedies Code, which provides:

Actions for recovery of real property or an estate or interest in real property, for partition of real property, to remove encumbrances from the title to real property, for recovery of damages to real property, or to quiet title to real property shall be brought in the county in which all or a part of the property is located.

TEX.CIV.PRAC. & REM.CODE ANN. § 15.011 (Vernon Supp.1996).

The two cases that the plaintiff relies on, *Scarth v. First Bank & Trust Co.,* 711 S.W.2d 140 (Tex.App.—Amarillo 1986, no writ) and *Texas Oil & Gas Corp. v. Moore,* 630 S.W.2d 450 (Tex.App.—Corpus Christi 1982, writ dism'd), are not supportive. They both held that the suits at issue did not fall within section 15.011 or its statutory predecessors. In fact, in *Scarth* the court reviewed decisions under section 15.011's statutory predecessors [2] and stated:

The rationale for these decisions seems to be that mandatory venue provisions are inapplicable where the action in question involves title only incidentally or secondarily, and not directly.

711 S.W.2d at 143.

The relators rely on *Bowman v. Muncy,* 197 S.W.2d 866 (Tex.Civ.App.—Amarillo 1946, no writ), which held that if the primary purpose of an injunction suit is to restrain action, rather than to determine title to land, venue is not determined under former article 1995, section 14, the predecessor to section 15.011. *Id.* at 868. And in *Michalski v. Mutual Building & Loan Ass'n,* 449 S.W.2d 834 (Tex.Civ.App.—Fort Worth 1970, no writ), this court held that where the primary and dominant purpose of the suit was to enjoin foreclosure, rather than obtaining declaratory relief, venue was determinable by former article 4656, the predecessor to section 65.023(a), not by former article 1995, section 14. *Id.* at 836.

In their petition, the plaintiff alleged under the heading of "Nature of Cause of Action":

This is a suit to enjoin and restrain a foreclosure sale posted under an unlawful declaration of default and acceleration of maturity of the promissory notes, and to enjoin and restrain any other action taken by the Defendants. . . .

Under the heading "Venue and Jurisdiction," the plaintiff alleged:

The Plaintiff is requesting and seeking to enjoin and restrain, by means of a temporary restraining order and a temporary injunction, a foreclosure sale posted under an unlawful declaration of default and acceleration of the maturity of a promissory note.

This is an action concerning an interest in real property which is located in Tarrant County, Texas, and to enjoin the foreclosure sale of real property located in Tarrant County, Texas.

In its brief, the plaintiff conclusorily states that this is an action that "additionally at-

---

**2.** Section 14 of article 1995 became section 2(a) in 1983 and section 15.011 in 1985. *Scarth,* 711

S.W.2d at 141 & n.

tempts to recover for damages to the property in Tarrant County." But as the relators point out, although the petition seeks damages, those damages are not for any damage to the real property, as section 15.011 requires. As the plaintiff admits in its brief, its underlying causes of action concern "payment on a loan" and "revolve around the central question of whether or not payments were to be made...."

From these allegations and from a reading of the entire petition, the primary purpose of the plaintiff's suit is to seek injunctive relief. *See Michalski,* 449 S.W.2d at 836. The suit concerns an interest in property secondarily. *See Scarth,* 711 S.W.2d at 143. Thus, section 15.011 does not apply to the plaintiff's suit. Tarrant County is not a county of proper venue, and the *Wilson* rule does not apply.

Because the relators established mandatory venue in Dallas County and the plaintiff failed to establish proper venue in Tarrant County, the trial court should have granted the motion to transfer. Tex.R.Civ.P. 87(3)(c). The trial court abused its discretion in denying the motion to transfer and in finding that Tarrant County was a county of mandatory venue and thus a county of proper venue. The trial court had no discretion to deny the motion to transfer venue.

■ Normally, mandamus will issue only where there is no adequate remedy at law, such as a normal appeal. *Walker,* 827 S.W.2d at 840. An appellate remedy is not inadequate merely because it might involve more expense or delay than obtaining a writ of mandamus. *Id.* at 842.

■ The plaintiff argues that the relators have an adequate remedy by appeal and also cites section 15.064(a), which states in part: "No interlocutory appeal shall lie from the [venue] determination." Tex.Civ.Prac. & Rem.Code Ann. § 15.064(a) (Vernon 1986). But in the situation presented in this original proceeding—enforcement of a mandatory venue provision appropriately brought under section 15.0642—we believe that the legislature, by recently enacting section 15.0642, has obviated a relator's requirement to show that there is no adequate remedy by appeal.

To hold otherwise would emasculate section 15.0642.

In conclusion, the relators have established that they are entitled to mandamus relief because the trial court should have granted their motion to transfer venue to Dallas County and erred in finding that Tarrant County was a county of mandatory venue and thus a county of proper venue. We conditionally grant the writ of mandamus, but the writ will issue only if the respondent does not vacate his order denying the relators' motion to transfer and does not transfer this action to Dallas County.